**Charles N. WOOTEN, Sr., Trustee**

v.

**USA, Through DEPARTMENT OF the INTERIOR, et al.**

**Civ. A. No. 85–1318 "L".**

United States District Court,
W.D. Louisiana,
Lafayette-Opelousas Division.

July 1, 1985.

Charles N. Wooten, Sr., Lafayette, La., pro se.

Joseph A. Cage, U.S. Atty., Shreveport, La., Lawrence Moon, Asst. U.S. Atty., Lafayette, La., for defendant.

### MEMORANDUM RULING

DUHE, District Judge.

The trustee in this matter, Charles N. Wooten, Sr., seeks damages in excess of

$18 million from the United States Department of the Interior ("DOI") for alleged overcharges for federal royalty crude oil that the debtor, Evangeline Refining Company, purchased from the government from July 1974 through December 1982. The trustee alleges that such overcharges violated the Mandatory Petroleum Price Regulations of the Department of Energy and its predecessor agencies in force from August 1973 through January 1981.

 The United States of America, on behalf of the DOI, now moves to withdraw the reference of this adversary proceeding from the bankruptcy court to this Court pursuant to 28 U.S.C. § 157(d). Section 157 provides:

> The district court shall, on timely motion of a party, ... withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce. 28 U.S.C. § 157(d)

The Court in *In re White Motors Corp.*, 42 B.R. 693 (N.D.Ohio 1984) interprets the legislative history of § 157(d) to mandate withdrawal of a matter from the bankruptcy court when resolution of a proceeding requires "substantial and material consideration" of non-Bankruptcy Code federal statutes. *Id.* at 703–705.

Movant argues that the trustee's royalty oil overcharge allegations account for nearly 90 percent of the damages claimed and are found in the Mandatory Petroleum Allocation and Price Regulations. In addition the court must first consider whether the federal regulations alleged to have been violated are applicable, examining the provisions and inter-relationships of the Outer Continental Shelf Lands Act of 1953, 43 U.S.C. § 1331, *et seq.;* the Economic Stabilization Act of 1970, 12 U.S.C. § 1904; and the Emergency Petroleum Allocation Act of 1973, 15 U.S.C. § 753(a). Further, the laws involved in the resolution of this proceeding regulate activities affecting interstate commerce. Thus, as the bankruptcy issues are secondary, this Court is the proper forum for resolution of the dispute. Moreover, the legal issues are subject to full review on appeal from the bankruptcy court to this Court, and the factual issues involved in the trustee's action to recover for alleged price violations are subject to *de novo* review in this Court. 28 U.S.C. § 157(c)(1).

Accordingly, the United States' motion to withdraw the reference of this matter from the bankruptcy court to this Court, being unopposed, is hereby granted.